HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAZ PARKING CALIFORNIA, LLC, <br><br> Defendant. | CASE NO. C20-00280-RAJ <br><br> ORDER |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. # 8. Having reviewed the record, the Court **GRANTS** the motion.

## II.     BACKGROUND

On February 24, 2020, Plaintiff Northwest Administrators, Inc., the authorized administrative agent for and assignee of the Western Conference of Teamsters Pension Trust Fund ("Trust"), filed this action to collect contributions, liquidated damages, interest, and all attorney's fees and costs from Defendant Laz Parking California, LLC ("Defendant"). Dkt. # 1. Plaintiff conducted an audit of Defendant's payroll records for the period of January 1, 2015 through March 31, 2019, regarding amounts owed to the

ORDER- 1

Trust. *Id.* at 3. The audit found that Defendant failed to report all hours for which Defendant paid compensation to its employees who were represented by the International Brotherhood of Teamsters and failed to make full payment of Defendant's contributions to the Trust as required for such employees. *Id.* Defendant's registered agent, Becky DeGeorge, was properly served on March 6, 2020. Dkt. # 5. Defendant failed to file a response to the complaint. On April 1, 2020, Plaintiff filed a motion for default against Defendant. Dkt. # 6. On April 2, 2020, a Clerk's Order of Default was issued. Dkt. # 7.

Plaintiff has since filed a motion for default judgment. Dkt. # 8. Defendant again failed to respond.

### III.  LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

## IV. DISCUSSION

Plaintiff's evidence establishes that Defendant was delinquent in its monthly contributions to the Trust from October 2019 through December 2019. Dkt. # 9 at 7-8. Pursuant to the terms of the parties' Agreement and Declaration of Trust, Defendant is required to pay liquidated damages equal to 20 percent of delinquently paid contributions, interest on the amount due, as well as attorney's fees and costs. Dkt. # 9 at 4. Plaintiff submits that for the audit period January 1, 2015 through March 31, 2019, Defendant owes the Trust contributions in the amount of $24,133.79; liquidated damages in the amount of $4,826.76; and interest in the amount of $2,990.52 calculated through April 2020. Plaintiff must provide the Court with an updated accounting of the amount of interest owed so that judgment may be entered.

Plaintiff has also presented evidence of attorney's fees and costs. Dkt # 8-1 at 6. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The Court finds that Plaintiff's evidence supports an attorney fee award of $924 and costs of $495. Dkt. # 8-1 at 15.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's motion. Plaintiff's counsel is **ORDERED** to provide the Court with an updated accounting of the amount of interest owed within fourteen (14) days of this order so that judgment may be entered.

Dated this 14th day of October, 2020.

_____
The Honorable Richard A. Jones
United States District Judge